UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RANDALL GENE ADAMS

               Petitioner,           2:11-cv-01308-AA

           v.                ORDER

STATE OF OREGON,

               Respondents.

AIKEN, District Judge.

     Petitioner is in the supervisory custody of the State of Oregon pursuant to a conviction of Sexual Abuse in the First Degree.   After a bench trial convicting petitioner, he was sentenced to 75 months imprisonment and a 45 month term of post-prison supervision,   and required to register as a sex offender. Resp. Exhibit 101.

     Petitioner appealed his conviction, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp. Exhibits 106 - 110.

     Petitioner filed a petition for post-conviction relief,

1 - ORDER

Resp. Exhibit 111,   and the Malheur County Circuit Court denied relief. Resp. Exhibit 140. The Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Resp. Exhibit 141 - 146.

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging various claims. Subsequently the Federal Public Defender was appointed to represent petitioner. Petitioner's attorney filed an Amended Petition (#58) alleging:

> Petitioner's incarceration is illegal and contrary to the Constitution of the United States for the following reasons:
>
> 1.   Trial counsel rendered ineffective assistance of counsel in violation of Sixth Amendment (sic). Counsel failed to investigate the case and failed to call important witnesses and introduce important defense evidence.  This included evidence about his ex-wife's emotional and psychological instability, evidence that she made numerous allegations of sexual abuse against other individuals, and evidence that she threatened to accuse petitioner of sexual abuse, among other crimes.
>
> 2.   Adams was denied his Fourteenth Amendment right to due process and his Eighth Amendment right to be free of cruel and unusual punishment when the state convicted and sentenced him for sexual abuse notwithstanding his innocence.

Amended Petition for Writ of Habeas Corpus (#58) p. 2-3.

In Petitioner's Brief in support of his petition petitioner requests in the alternative, "an evidentiary hearing on [petitioner's] claim of actual innocence." Brief in Support (#53) p 32.

Respondent contends:

> Petitioner claims should be denied because: 1) Petitioner's amended petition is untimely and Ground Two does not relate back to the original petition; 2) The state court decision denying relief on Ground One is correct and entitled to deference; 3) Petitioner cannot establish that he is actually innocent; and 4) petitioner is not entitled to expand the record or an evidentiary hearing.

Reply to Amended Petition (#69) p. 2.

<u>Ground One</u>:  Petitioner's Amended Petition for Post-Conviction Relief raised 18 claims of ineffective assistance of counsel. Resp. Ex. 111. Among these was a claim that his wife Cheryl had been sexually abused as a child and had accused other family members of molesting children.   The trial court rejected all 18 claims.  Exhibit 140.

Petitioner appealed the PCR trial court denial of his petition alleging only one of his original 18 claims: that his trial counsel was ineffective for failing to discover and present witnesses who would have testified (1) about Cheryl's emotional and psychological instability stemming from past sexual abuse; (2) that Cheryl had an unhealthy attachment to her children; (3) that Cheryl had made allegations of sexual abuse against other individuals; and (4) that Cheryl threatened to accuse petitioner of sexual abuse in order to keep custody of her daughters. Resp. Ex. 141, p. 5; Exhibit 143, p. 3.

3 - ORDER

The Oregon Court of Appeals denied petitioner's appeal, holding that defense counsel was not ineffective and petitioner had not demonstrated prejudice because the evidence petitioner claimed that his counsel should have introduced would have distracted form petitioner's theory of the case at trial, was not admissible or was unknown to petitioner and his counsel until after trial.  Resp. Ex. 143.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law.  Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the

AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that:

Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable.

Andrade, Id.

The Andrade Court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily objectively unreasonable even if it is clear error.

It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly.
Rather that application must be objectively
unreasonable.

Id.

Even incorrect state-court decisions must be given
deference, unless they are contrary to or objectively
unreasonable applications of a Supreme Court holding. This is
true even if the state courts do not fully articulate their
reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000)
("Federal habeas is not de novo when the state court does not
supply reasoning for its decision, but an independent review
of the record is required to determine whether the state court
clearly erred in its application of the controlling federal
law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual
determinations by a state court are presumed to be correct
absent clear and convincing evidence to the contrary." Miller
-El v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus
sets out a "highly deferential standard for evaluating state
court rulings," which requires that state court decisions be
given the benefit of the doubt. Woodford v. Visciotti, 537
U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521
U.S. 320, 333 n 7 (1997).

"[I]t is past question that the rule set forth in
Strickland, qualifies as 'clearly established Federal law, as

6 – ORDER

determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

As noted above, petitioner's post-conviction appeal raised claims similar to those alleged in this proceeding. The Oregon Court of Appeals concluded that the evidence petitioner claimed his attorney should have developed and introduced would have distracted from petitioner's theory at trial, would

8 - ORDER

not have been admissible, or was unknown to petitioner and his counsel until after trial. That finding is entitled to deference by this court and is supported by the record.

As a preliminary matter, petitioner's argument that counsel "conducted no independent investigation," Brief in Support (#53) p. 16, is contradicted by the record which establishes that counsel conducted an investigation, including hiring an investigator. *See* Resp. Exhibit 136 at 17; and Resp. Exhibit 131 at 1.

The Court of Appeals found that it was reasonable for counsel not to have introduced evidence of Ms. Grove's personal history of sexual abuse and her attachment to her daughters because it "distracted from petitioner's defense theory . . . that his ex-wife had induced their daughters to accuse (petitioner) of sexual abuse because of his own physical and emotional abuse of his ex-wife." Resp. Exhibit 143. P. 4.

The Court of Appeal's found that counsel's "tactical decision to simplify the case" and to avoid appearing to be "grasping at straws" by highlighting Ms. Grove's sexual abuse, which had occurred 25 years earlier, Id., was reasonable. I agree.

Such evidence would have distracted from the main argument regarding Ms. Grove's motivation to fabricate sexual

abuse.    Moreover,  such  strategic  decisions  are  "virtually

unchallengeable."  *Strickland*, 466 U.S. at 893.

In  addition,  petitioner  was  not  prejudiced  by  his

attorney's  tactical  decision.    The  trial  judge  ultimately

found  the  victim's  out  of  court  statements  to  be  more

credible. There is nothing in the record to suggest that this

finding  would  have  been  affected  by  the  evidence  of  Ms.

Grove's  past  sexual  abuse  and  "unhealthy  attachment"  to  her

children.

The  Court  of  Appeals  found  that  trial  counsel  was  not

deficient  for  not  introducing  evidence  of  Ms.  Grove's  prior

accusations  of  sexual  abuse  by  other  individuals  because  the

evidence would have been inadmissible.  Resp. Exhibit 143, pp.

6-7.    A  state  court's  application  of  state  law  is  not

reviewable  by  a  federal  court.  Mendez v. Small, 298 F.3d 1158

(9th  Cir.  2002)  *see also*,  Peltier v. Wright, 15 F.3d 860, 862

(9th  Cir.  1994).

However,  the  PCR  appellate  court's  finding  is  consistent

with  Oregon  law.  Under  the  Oregon  Evidence  Code  ("OEC")

404(3),  evidence  of  other  bad  acts  is  not  admissible  to  prove

the  character  of  a  person  in  order  to  show  that  the  person

acted  in  conformity  therewith.    Under  OEC  608(2),  specific

instances  of  the  conduct  of  a  witness,  for  the  purpose  of

attacking  or  supporting  the  credibility  of  a  witness  may  not

be proved by extrinsic evidence or inquired into on cross-examination of the witness. *See*, <u>State v. Driver</u>, 192 Or. App. 395, 401-02 (2004).

Petitioner's counsel could not have been ineffective and petitioner was not prejudice by the failure to discover or present evidence that would not have been admissible at trial.

The Court of Appeals found that trial counsel was not deficient for not introducing evidence of Ms. Grove's threat to accuse petitioner of sexual abuse because that evidence was not known to defense counsel or petitioner until after the conviction. Resp. Exhibit 143, p. 7.

Trial counsel has a duty to investigate and uncover evidence, but this duty does not require counsel to seek out every possible witness. *See,* <u>Hendricks v. Calderon</u>, 70 F.3d 1032, 1040 (9th Cir. 1995). Trial counsel is not deficient for failing to seek evidence when, after reasonable investigation, no one - including petitioner - has put counsel on notice of the existence of that evidence. <u>Id</u>.

In his deposition and affidavit, petitioner explains what he told his attorney about his ex-wife. Conspicuously absent from that account is any evidence that she had threatened to accuse him of any crimes in order to maintain custody of the children. The fact that petitioner's sister in law subsequently came forth with an affidavit stating that in 1998

11 - ORDER

or 1999 Ms. Grove had said that if she and petitioner ever separated she would "tell the cops [petitioner] molested [her children] and send his ass to jail," Resp. Exhibit 118, does not establish that counsel was deficient in failing to discover the evidence.   Counsel did not know or have any reason to know of that evidence.

The exhibits submitted in support of petitioner's argument that counsel should have presented evidence of Ms. Grove's "psychological history" [Petitioner's sealed exhibits A - V] are discussed below in connection with petitioner's "actual innocence" claim.   Petitioner acknowledges that this evidence post-dates petitioner's criminal trial but argues that any mental illness "surely existed before then." However, petitioner has not presented any evidence Ms. Grove's mental illness or mental instability that pre-dates petitioner's trial.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary . . ." *Strickland*, 466 U.S. at 91. Reasonableness is viewed as of the time of the conduct and against the backdrop of the facts of the case. *See*, <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005).   Petitioner has not submitted any evidence to establish that his trial counsel's investigation was deficient or  what evidence counsel could

have found by further investigation of Ms. Grove's "psychological history."

Based on all of the foregoing, I find that petitioner's counsel was not constitutionally deficient for failing to discover or present the evidence discussed above. Even if one might disagree with counsel's tactical decisions regarding some of these matters, I find that petitioner was not prejudiced by counsel's decisions. As noted in the PCR court appellate opinion (J. Edmonds concurring opinion), "a criminal defense attorney's failure to call witnesses or adduce evidence does not always have a tendency to affect the outcome of a prosecution. . . . [I]n this case the outcome of the criminal proceeding depended on whether the criminal court believed the petitioner or the victim." Exhibit 143, p. 8

I find that none of the evidence petitioner relies on in support of his claims in this proceeding, if presented at petitioner's trial would not have had created a reasonable probability of changing the outcome of that proceeding. Therefore, petitioner was not prejudiced by his counsel's decisions or "unprofessional errors," if any.

Ground Two: Under the AEDPA, the statute of limitations for filing a petition for writ of habeas corpus is one year from the date of the final judgement being challenged. @8 U.S.C. § 2244(d)(1). The limitations period is tolled during state

post-conviction proceedings. Id., 2244(d)(2).

In this case, petitioner had one year from July 3, 2007, excluding any time during which a state post-conviction case was pending to file his federal habeas corpus petition. Petitioner's original petition was filed on October 26, 2011, 300 "countable days" having elapsed since July 3, 2007.  The original *pro se* petition (#2) was timely.

However, petitioner's Amended Petition (#58) was not filed until October 17, 2013.  Therefore, approximately two years elapsed between the filing of the *pro se* petition and the filing of the amended petition.  Accordingly, petitioner's amended petition is untimely based solely on the amount of time elapsed between the filing of the *pro se* petition and the filing of his amended petition.

Even if the limitations period was calculated from the date counsel was appointed, November 6, 2012, until the amended petition was filed (October 9, 2013), 337 days elapsed.  Those 337 days must be added to the 300 days that accrued between the judgment and the filing of the original petition in this proceeding.  The result is that petitioner's amended petition was filed 637 days after the date on which he judgment became final, thereby exceeding the 365 days available to him.

Petitioner "free-standing actual innocence" claim (Ground

Two) was not alleged in petitioner's original *pro se* petition. Under Fed. R. Civ. P. 15(c)(2), a new claim in an amended petition that is filed after the expiration of the one year limitations period is timely only if the new claim relates back to the filing of a claim in a timely filed pleading.  To relate back, the new claim must arise out of the "same conduct, transaction or occurrence" as a claim alleged in the prior (timely) pleading.  Mayle v. Felix, 545 U.S. 644 (2005).

Petitioner's original petition alleged claims of ineffective assistance of counsel based on trial and appellate counsel's alleged failure to adequately investigate and try the case.  The claim alleged in Ground Two does not allege any claim of trial or appellate counsel error, but rather asserts a due process and Eighth Amendment claim based on "actual innocence."

The claim alleged in Ground Two does not relate back to petitioner's *pro se* petition because it alleges different errors by different actors. *See* Wieland v. Thompson, 2012 WL 5036820 at *3-4 (D. Or. 2012) (finding the petitioner's claims of ineffective assistance of trial counsel did not share a common core of facts, and thus did not relate back to a claim of actual innocence), *citing* Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008).

The evidence relied upon by petitioner in support of his

actual innocence claim is as follows:

1.) The criminal case was "an especially weak prosecution case."

2. In her trial testimony, the victim herself did not remember the incident.

3. Witnesses contradicted each other on key points.

4. There is "no DNA or scientific evidence that could exonerate the innocent."

5. There are no "previously unavailable witnesses."

6. The allegation of abuse "was tainted by a mentally unstable parent."

7. The memories of the victim and witness "cannot be deemed reliable based on the manner in which they were developed and transformed over time."

8. Evidence developed subsequent to petitioner's conviction "casts grave doubt on [the victim's mother's] capacity to perceive reality" and "establishes her total lack of veracity."

Brief in Support of Petition (#53) p. 29 - 31.

Some of this alleged evidence forms the factual predicates for petitioner's ineffective assistance of trial counsel claim. However, even if the claim in Ground Two can be construed as arising from the same core of operative facts as the ineffective assistance of trial counsel claim in the

original *pro se* petition such that Ground Two relates back to the original timely filed petition, Ground Two nevertheless fails to state a claim cognizable under 28 U.S.C.  U.S.C. § 2254.

In <u>Herrera v. Collins</u>, 506 U.S. 390 (1993) the Supreme Court assumed, without deciding, that the execution of an innocent person would violate the Constitution. *See* <u>Carriger v. Stewart</u>, 132 F.3d (9th Cir. 1997).  However, the Supreme Court has not resolved whether a prisoner may be entitled to habeas relief based on a "freestanding claim of actual innocence." *See*, <u>McQuiggan v. Perkins</u>, __U.S.__ 133 S.Ct. 1924 (2013). Rather, the Supreme Court has said that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993).

In *Herrera*, the Court did not specify what showing would be required for a habeas petitioner to make out a successful freestanding claim of actual innocence.  The Court stated only that the threshold would be "extraordinarily high," and that the showing would have to be "truly persuasive." *Herrera*, 506 at 417.

In <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the Court noted

that a habeas petitioner "comes before the habeas court with a strong - and in the vast majority of cases conclusive - presumption of guilt." *Schlup*, 513 U.S. at 326 n. 42. Thus, to successfully demonstrate a fundamental miscarriage of justice, habeas petitioners must show that the constitutional error complained of probably resulted in the conviction of someone who is "actually innocent." *Id*. at 327.

The standard of whether a petitioner has shown that is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329 (citing Murray v. Carrier, 477 U.S. 478 (1986)). In addition, this standard is not satisfied by a showing of reasonable doubt in light of the evidence not presented at trial; rather, a petitioner must show that it is more likely than not that, in light of all the evidence, no reasonable juror would have found him guilty. *Schlup*, 513 at 328; Calderon v. Thompson, 523 U.S. 538, 565 (1998)(showing of actual innocence must be made in light of "the totality of the evidence of [the petitioner's] guilt"). Furthermore, the evidence of innocence must be "new" and "reliable" evidence not presented at trial. *Schlup* 513 U.S. at 324; *Calderon*, 523 U.S. at 559. "Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon*, 523 U.S. at 559.

The only new evidence submitted by petitioner in support of his actual innocence claim are police reports from interactions with petitioner's former wife, Cheryl Adams (nee Grove) and a 2013 polygraph report for petitioner.[1]  The police reports reflect police interactions with Ms. Grove in the decade following petitioner's trial.  Although the reports certainly cast doubt on Ms. Grove's capacity to perceive reality and  suggest a lack of veracity, they do not reflect matters that were occurring at the time of the incident giving rise to petitioner's prosecution or at the time of his trial. Moreover, petitioner allegedly told his trial counsel about Ms. Grove's alleged mental and emotional  instability stemming from her own past sexual abuse. *See*, Respondent's Exhibit 136 at 20.  Therefore although the reports may be new evidence of Ms. Grove's mental state,  the mental state reflected in the reports was arguably known to petitioner and his counsel at the time of trial, and is not "new evidence."

Lastly, although the evidence of Ms. Grove's mental instability and perchance for falsely accusing others of crimes is arguably exculpatory, it is not such that when considered in light of the totality of the evidence would render it more likely than not that no reasonable juror would

---

[1] The polygraph report is not even referenced in petitioner's actual innocence argument.

19 - ORDER

have found petitioner guilty beyond a reasonable doubt.

<u>Evidentiary hearing:</u> 28 U.S.C. § 2254 provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
> (A) the claim relies on --
> (i) a new constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (ii) a factual dispute that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional errors, no reasonable fact finder would have found the applicant guilty of the underlying offense.

In this case, the issue of Ms. Grove's personal history of sexual abuse was known to petitioner and his attorney at the time of petitioner's trial. A degree of "emotional and psychological instability" can be reasonably inferred from such a history. Thus, the facts petitioner now seeks to establish in an evidentiary hearing could have been previously discovered through the exercise of due diligence.

In addition, as discussed above, although evidence of Ms. Grove's alleged mental instability is probative, it is not such that it would establish by clear and convincing evidence that no reasonable finder of fact would have found petitioner guilty of the underlying offense.

Therefore, petitioner's alternative request for an

evidentiary hearing is denied.

Based on all of the foregoing, petitioner's Amended Petition (#58) is denied. The Clerk of the Court is directed to enter a judgment dismissing this proceeding with prejudice.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See *28 U.S.C. § 2253(c)(2).*

DATED this 8th day of ~~April~~ May 2014.

Ann Aiken
United State District Judge